OPINION OF THE COURT
Herbert I. Altman, J.
At issue on this motion to inspect the Grand Jury minutes and dismiss the indictment is whether the breaking into a “1981 Dodge van” constitutes the crime of burglary in the third degree which is charged in the first count. Specifically, the People allege that on or about August 1,1984, the defendant knowingly entered and remained “unlawfully in the building of Raymond Joyce with the intent to commit a crime therein.” The burglary statute defines a building, in addition to its ordinary meaning, as “an inclosed motor truck” and an “inclosed motor truck trailer” (Penal Law § 140.00 [2]).
Unfortunately, the terms “inclosed motor truck” and “inclosed motor truck trailer” are not further described in Penal Law article 140 and are not susceptible to easy definition. Although it might be easier to determine whether a vehicle is an “inclosed motor truck trailer”, the term “inclosed motor truck” poses more substantial definitional problems. Vehicle and Traffic Law § 158 defines a truck as “[e]very motor vehicle designed, used, or maintained primarily for the transportation of property.” It has also been defined as “a wheeled vehicle for carrying heavy weights; variously applied” (11 Oxford English Dictionary 414 [1961]) or as “an automotive vehicle built for the transportation *549 of goods on its own chassis” (Webster’s Third New International Dictionary 2454 [1971]). A “motor truck” has been defined as “an automotive truck for transporting freight” (Webster’s Third New International Dictionary 1476).
The terms “inclosed motor truck trailer” and “inclosed motor truck” were first included in the definition of “building” for the purpose of the burglary statute by amendment in 1953 (see, L 1953, ch 84). Although the terms were omitted when the Penal Law was revised in 1965, they were again included in the definition by amendment in 1969 (see, L 1969, ch 1151). I have examined the “bill jacket” for each amendment and neither of them affords much assistance in defining either term. However, it is evident from the bill jackets that the inclusion of the terms in both instances was intended to aid law enforcement officials to combat crimes involving the hijacking of freight.
The dictionary definitions, the definition in the Vehicle and Traffic Law and the information culled from the bill jackets as to legislative intent all point to the conclusion that a van is not an “inclosed motor truck” or “inclosed motor truck trailer.” While vans are increasingly used as commercial and school vehicles, they are not, as a general rule, used for the transportation of freight. Further, there was no evidence before the Grand Jury that the van in which this defendant was found was used primarily to carry freight. The proof consisted merely of testimony that he broke into the van and while inside moved certain equipment from one area of the van to another. Such testimony is insufficient to support the conclusion that he entered or remained unlawfully in a vehicle which was intended to be covered by the terms “inclosed motor truck” or “inclosed motor truck trailer.”
There exists an alternative definition of the term “building” which could conceivably have been relevant to this matter. Penal Law § 140.00 (2) includes within the definition of a building “any * * * vehicle * * * used by persons for carrying on business therein”. However, while people do carry on businesses, such as the vending of foods, in vans, no proof was adduced before the Grand Jury to suggest that a business was carried on within the van in question.
Thus, the evidence before the Grand Jury was insufficient as to the first count, burglary in the third degree, as there was no proof that the defendant entered into and remained unlawfully within a “building” as defined by Penal Law § 140.00 (2).
As to the remaining two counts, the motion to dismiss is denied. Although the evidence as to the second count did not *550 establish a grand, larceny in the third degree, it was sufficient to make out the lesser included crime of an attempt to commit the crime of grand larceny in the third degree. There was sufficient evidence to sustain the third count of possession of burglar’s tools.